UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| GEORGE HAMBRIC, JR. ) | |
| ) | |
| v. ) | NO. 2:05-CV-297 |
| ) | |
| KATHY TERRILL, Jail Adm'r; ) | |
| JOHNSON COUNTY DET. CTR.; ) | |
| and ROGER GENTRY, Sheriff ) | |

### **MEMORANDUM and ORDER**

George Hambric, Jr., a prisoner in the Johnson County Detention Center ("JCDC"), brings this *pro se* civil rights action under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is **ASSESSED** the full filing fee of two hundred and fifty dollars ($250.00). The custodian of inmate trust accounts at the JCDC shall submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of:

(1) the average monthly deposits to the plaintiff's inmate trust account; or

(2) the average monthly balance in his inmate trust account, for the six (6) months immediately preceding the filing of this case.

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income credited to his

account, but only when such monthly income exceeds ten dollars ($10), until the plaintiff has paid the $250.00 filing fee in full.[1] 28 U.S.C.A. § 1915(b)(2). *See also McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

The Clerk is **DIRECTED** to send copies of this Order to the custodian of inmate trust accounts at the JCDC and to George Little, the Commissioner of the Tennessee Department of Correction, to ensure compliance with the fee assessment procedures outlined above.

In his complaint, the plaintiff alleges that he has been subjected to various conditions in the JCDC which violate the Cruel and Unusual Punishment provision of the Eighth Amendment. These claimed unconstitutional conditions include: 1) a lack of an opportunity to exercise; 2) a lack of water to drink or to use to maintain personal hygiene; and 3) and a lack of sanitation due to a toilet in his cell containing human waste and urine, which could not be flushed for six days. He also alleges that he is being discriminated against because he is not a native of Johnson County.

A federal court which is presented with a prisoner's civil action first must determine whether the plaintiff has exhausted his administrative remedies by offering the correctional authorities an opportunity to address his complaints. *See* 42 U.S.C.

---

[1] Send all remittances to:   Clerk's Office, USDC
                                220 West Depot Street, Suite 200
                                Greeneville, TN 37643.

§ 1997e; *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). It is the prisoner's burden to demonstrate that he has exhausted such remedies as to all claims arising from his confinement and, in fulfilment of his burden, he should attach to his complaint a copy of the administrative decision showing the administrative disposition of his complaint. *Brown,* 139 F.3d at 1104. A district court must enforce the exhaustion requirement *sua sponte*. *Id.*

In paragraph C of the plaintiff's handwritten complaint, he indicates that he has filed grievances concerning the facts presented as federal claims in his lawsuit, but that the JCDC authorities have refused to provide him copies of those grievances. Attached to his complaint is one preprinted grievance form (which, interestingly, appears to be a photocopy) and two handwritten grievance forms, in which the plaintiff complains about deprivations of exercise, water, and sanitation, as well as being subjected to discrimination. The preprinted grievance form is dated October 30, 2005, indicating that it was written and received on that date, but there is nothing on its face or the face of the other two grievances to show whether the jail officials responded to those grievances and, if so, to show the nature of the response. Nor is there a hint as to whether any appeals were pursued, assuming that there was a response and that it was not one the plaintiff desired and further assuming that the JCDC grievance system provides for appeals.

The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). The Court has reviewed all of the plaintiff's allegations concerning the exhaustion issue and does not find that he has made particularized averments to show that he has exhausted his administrative remedies as to all claims raised in his complaint.[2] Therefore, a separate order will enter dismissing this action without prejudice for failure to exhaust administrative remedies.

ENTER:

            s/Thomas Gray Hull
            THOMAS GRAY HULL
              SENIOR U. S. DISTRICT JUDGE

---

[2] The envelope containing the complaint was postmarked November 5, 2005—only six days after the October 30th grievance was filed. Thus, it is unclear as to whether the jail authorities had sufficient time to respond to the plaintiff's grievance prior to the submission of his pleading.

4